UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CARLOS MARTINEZ,                              :
                                              :
                    Petitioner,               :
                                              :         **ORDER DENYING HABEAS**
            -against-                         :         **PETITION**
                                              :
UNITED STATES OF AMERICA                      :         06 Civ. 100 (AKH)
                                              :         99 Cr. 822 (AKH)
                    Respondent.               :
------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

   Petitioner, Carlos Martinez, proceeding pro se, filed this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), because it was based on facts not submitted to and found by a jury beyond a reasonable doubt. The Government moves to dismiss the petition because it was filed later than the law allows, because petitioner waived his right to seek review in his plea agreement, and for other reasons. For the reasons states below, I grant the Government's motion.

   On June 7, 2001, petitioner pled guilty to conspiracy to commit robbery, and to robbery, both in violation of 18 U.S.C. § 1951(a), and to carrying a firearm in the commission of a robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (2). Under the terms of the Plea Agreement, the petitioner stipulated that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Sections 2255 and/or 2241, any sentence within or below" the stipulated Guidelines sentencing rage of 219 to 252 months imprisonment. (See Gov't App., Ex. C at 10 (the "Plea Agreement").) On December 14, 2001, following a sentencing hearing, I sentenced petitioner to a term of 219 months' imprisonment, a three-year term of supervised release, a mandatory $300 special

1

assessment, and $10,615 in restitution. Following sentencing, petitioner filed a timely notice of appeal. On November 24, 2003, the Second Circuit summarily affirmed petitioner's sentence. The petition for habeas relief is denied, and the Government's motion to dismiss is granted.

First, petitioner's § 2255 petition is barred by the one year statute of limitations. Petitions under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 21 U.S.C. § 2255(1). Where a petitioner seeks direct appeal of a conviction but does not seek review in the United States Supreme Court, the conviction is deemed final when the time for filing a writ of certiorari to the Supreme Court expires. Pursuant to Supreme Court Rule 13, a petition for writ of certiorari must be filed within 90 days of the entry of judgment by the Court of Appeal. Here, petitioner's conviction became final on February 23, 2004, 90 days after the entry of judgment by the court of appeals on November 24, 2003. See S. Ct. R. 13(1). Petitioner did not file the instant motion until December 13, 2005, well over a year after the entry of judgment became final. Thus, petitioner's § 2255 motion is denied as untimely.

Second, the petition is denied because the petitioner knowingly and voluntarily waived the right to challenge his sentence by the terms of his Plea Agreement. Under established Second Circuit precedent, a defendant's waiver of his right to appeal or collaterally attack a sentence generally is enforceable. See United States v. Fisher, 232, F.3d 301, 303 (2d Cir. 2000); United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000); United States v. Djelevic, 161 F.3d 104, 106-107 (2d Cir. 1998). Here, the record clearly demonstrates that the waiver was knowing and voluntary, and that petitioner understood all relevant terms. Petitioner was aided by an interpreter, allocated fully, and admitted that he understood his plea agreement.

Third, the cases upon which petitioner relies in his petition for relief, Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), are inapplicable. Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued." Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005), cert. denied, 126 S. Ct. 731 (2005). Apprendi and Blakely are also inapplicable. As to petitioner's Apprendi objection, such objection is barred by petitioner's failure to raise an Apprendi objection either at his sentencing or on direct appeal. Further, the holding of Apprendi has been expressly limited to "requiring submission to the jury of 'any fact that increases the penalty for a crime beyond the statutory minimum.'" Thompson v. United States, 2005 WL 1278953, at *1 (N.D.N.Y. May 27, 2005) (citing Apprendi). Here, the petitioner was given a sentence that fell below the mandatory maximum. Petitioner's reliance on Blakely is similarly misplaced. Blakely was decided on June 24, 2004, a full six months after petitioner's conviction became final. Moreover, the Blakely holding expressly does not apply to the United States Sentencing Guidelines. Blakely, 542 U.S. at 305 n. 9.

Fourth, petitioner's trial counsel was not ineffective. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984): (1) counsel made errors in the representation so serious as to be objectively unreasonable; and (2) the result of the proceeding would likely have been different in the absence of counsel's errors. See also Wiggins v. Smith, 123 S. Ct. 2527, 2535 (2003) (reaffirming Strickland). Petitioner must overcome a strong presumption that counsel did render adequate assistance and did exercise reasonable professional judgment. Strickland,

3

466 U.S. at 688. Here, petitioner cannot overcome that presumption and cannot satisfy either prong of the Strickland test. Nothing in the record suggests that trial counsel was ineffective. That counsel was actually effective is supported by the fact that petitioner was ultimately sentenced to a term at the lowest end of the applicable Guidelines range. Moreover, entry into a Plea Agreement whereby petitioner pled to only three counts of an eight count indictment was clearly advantageous.

Finally, petitioner argues that his plea should be vitiated because he was not initially notified of the right of consular notification pursuant to the Vienna Convention on Consular Relations. However, the Second Circuit has held that "the consular-notification provision of the Vienna Convention and its related regulations do not create any 'fundamental rights' for a foreign national." See U.S. v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001) (citing Waldron v. INS, 17 F.3d 511, 518 (2d Cir.1994)). Thus, mere absence of notification of consular rights does not provide a basis to vacate, set aside or correct aside a sentence pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, the petition is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The clerk of the court shall mark the case as closed.

SO ORDERED.

Dated: New York, New York
May 11, 2006

ALVIN K. HELLERSTEIN
United States District Judge